Steven D. Park (SBN 215219)
  *spark@parklawless.com*
John R. Lawless (SBN 223561)
  *jlawless@parklawless.com*
Vincent Tremonti (SBN 301571)
  *vtremonti@parklawless.com*
**PARK LAWLESS & TREMONTI LLP**
515 South Flower Street, 18th Floor
Los Angeles, CA 90071
Telephone:   (213) 640-3770
Facsimile:   (213) 640-3015

Attorneys for Defendant
GENERAL MOTORS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS L. HAYDEN,<br><br>              Plaintiff,<br><br>       v.<br><br>GENERAL MOTORS, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No.<br><br>**DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL OF ENTIRE CASE**<br><br>Sup. Ct. Action Filed: November 16, 2023<br>Riverside County Superior Court<br>Case No. CVPS2305737 |

**TO THE CLERK OF COURT AND PLAINTIFF BY AND THROUGH THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant General Motors LLC ("GM), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this case from the Superior Court, Riverside County, to the United States District Court for the Central District of California. This Court has *diversity* jurisdiction.

### THE CASE AS FILED IN STATE COURT

1.     Plaintiff Curtis L. Hayden filed this civil action on November 16, 2023, in the Superior Court for the County of Riverside: *Curtis L. Hayden  v. General Motors, LLC, et al.*, No. CVPS2305737. The only defendant sued by its name is GM. GM is alleged to have manufactured and/or distributed the subject vehicle. Plaintiff also sued fictitiously-named defendants Does 1 through 10.  *See* Complaint (attached as Exhibit A).

2.     Plaintiff alleges three causes of action under the Song–Beverly Consumer Warranty Act (Cal. Civ. Code § 1790, *et seq*.) ("Song–Beverly Act"), a fourth cause of action claiming common law fraud, and a fifth cause of action alleging violations of Business & Professions Code Section 17200.  *See* Complaint (Exhibit A).  Plaintiff alleges claims for various compensatory damages, a civil penalty two times his actual damages, punitive damages, attorney fees, and other relief. *See id.* at Prayer for Relief.

### SERVICE AND TIMELY REMOVAL

3.     GM has 30 days to remove following service of a copy of the complaint on its agent for service of process—served here on November 30, 2023. Thus, this notice of removal is timely.

### OTHER PROCEDURAL COMPLIANCE

4.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on GM are included in attached Exhibits A and B.

5.     Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central

District of California because this District embraces the place in which the removed action has been pending.

6.    Pursuant to 28 U.S.C. § 1446(d), written notice of this removal, including a copy of this notice of removal, will be given to all adverse parties promptly after the filing with this Court of this notice of removal.

7.    Pursuant to 28 U.S.C. § 1446(d), written notice of this removal, including a copy of this notice of removal, will be filed with the Superior Court for the County of Riverside promptly after the filing with this Court of this notice of removal.

8.    If any question arises as to the propriety of removing this action, GM respectfully requests notice and the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

**THIS COURT HAS DIVERSITY JURISDICTION, 28 U.S.C. § 1332(a).**

9.    This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because the dispute is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs).

**THE CITIZENSHIP OF PLAINTIFF AND DEFENDANT IS DIVERSE**

10.    There is complete diversity of citizenship between all properly joined parties to this action.  *See* 28 U.S.C. § 1332(a)(1).

11.    Plaintiff is—and, at the time he commenced this action, was— a citizen and a resident of the State of California.   Complaint ¶ 1 (Exhibit A) ("Plaintiff is an individual residing in the City of Bakersfield, County of Kern, and State of California.").  For purposes of removal based on diversity of citizenship, plaintiff's state of residence is presumptively considered to be his state of citizenship.  *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1952).

///

NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

12.    GM is a Delaware limited liability company that has its principal place of business in the State of Michigan. *See* Declaration of Eric Mitchell ("Mitchell Decl."), ¶ 4. GM's sole member is General Motors Holdings LLC. *See id.* at ¶ 5. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in the State of Michigan. *See id.* at ¶ 6. General Motors Holdings LLC's sole member is General Motors Company. *See id.* at ¶ 7. General Motors Company is a Delaware corporation with its principal place of business in the State of Michigan. *See id.* at ¶ 8.

13.    For purposes of diversity, a limited liability company (LLC) is a citizen of every state in which its "owners/members" are citizens. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all their members). A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

14.    Thus, GM is a citizen of Michigan and Delaware.

15.    Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded when determining removal jurisdiction. Accordingly, the citizenship of Does 1 through 10 should not be considered when determining whether jurisdiction based on diversity of citizenship exists in this case.

**THE AMOUNT IN CONTROVERSY EXCEEDS THE THRESHOLD OF $75,000**

16.    GM disputes that it is liable to plaintiff for any damages whatsoever. However, it is established on the face of the complaint that the amount in controversy in this action exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C. § 1332(a).

///

NOTICE OF REMOVAL TO FEDERAL COURT                                    Case No.

17.    *First*, plaintiff alleges more than $25,000 in damages.    *See* Civil Cover Sheet (Exhibit B).    Indeed, the average of the manufacturer's suggested retail price of vehicles that are the same year, make, and model as the subject vehicle is $38,371.    *See* Mitchell Decl., ¶ 9.    And plaintiff seeks replacement of the subject vehicle, or restitution of the amount actually paid or payable under the purchase contract.    Complaint ¶¶ 50, 133; Prayer for Relief (Exhibit A).

18.    *Second*, in addition to replacement of the subject vehicle, or restitution of the amount actually paid or payable under the purchase contract, plaintiff demands a civil penalty of "two times" his actual damages.    Complaint, ¶¶ 56-58, 66, 79; Prayer for Relief (Exhibit A).

19.    *Third*, plaintiff seeks reimbursement of attorney fees under the Song–Beverly Act.    Complaint, ¶ 59, 67, 78; Prayer for Relief (Exhibit A).    Claims for attorney fees in these types of cases regularly approach or exceed $50,000.    *See* Mitchell Decl., ¶ 10.

20.    *Fourth*, plaintiff has asserted claims for fraud and violation of Business & Professions Code Section 17200 and have demanded punitive damages, which will only add to the alleged amount in controversy in this case. *See* Complaint, Causes of Action Four and Five; Prayer for Relief (Exhibit A).

21.    Based on the foregoing, GM has met its burden to demonstrate the threshold amount in controversy for diversity jurisdiction, as it has "file[d] a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"    *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).    The notice of removal "need not contain evidentiary submissions."    *Id*. at 1197.    "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement."    *Dart*, 135 S. Ct. at 553.

///

4

22.    Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego Abrego v. the Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).  If the Court concludes the complaint does not state an amount of controversy in excess of $75,000 on its face, then the Court may also consider facts averred in the removal petition.  *Abrego*, 443 F.3d at 690. Where the defendant's allegations are challenged, both sides "should have an opportunity to submit evidence and argument to the district court . . . ." *Ibarra*, 775 F.3d at 1195.  The Court may then determine "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* This standard requires only that the removing party present—in response to a motion to remand—evidence that "it is more likely than not" that the amount in controversy is satisfied.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

23.    In considering the amount in controversy, civil penalties under the Song-Beverly Act are properly included in the calculation.  *Hall v. FCA US, LLC*, No. 1:16-cv-00684-DAD-JLT, 2016 WL 4445335, at *4 (E.D. Cal. Aug. 24, 2016); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).  So too are attorney fees "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." *Sekula v. FCA US LLC*, No. 1:17-cv-00460-DAD-JLT, 2017 WL 3725931, at *4 (E.D. Cal. Aug. 30, 2017) (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  In addition, the amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

24.    Here, GM has more than met its burden to show that the amount in controversy exceeds $75,000.

///

///

NOTICE OF REMOVAL TO FEDERAL COURT                                    Case No.

**CONCLUSION**

This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because (i) it is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) it is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.

DATED: December 29, 2023          Respectfully submitted,

**PARK LAWLESS & TREMONTI LLP**

By: */s/ Steven D. Park*_____
          STEVEN D. PARK
          Attorneys for Defendant,
          GENERAL MOTORS LLC

NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.